UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN JONES, JR. and COLLEEN
CONNERS,

        Plaintiffs

v.

MICHICAN DEPARTMENT OF
CIVIL RIGHTS, REYNARD MOREY-
GREER, PARK LAFAYETTE
ASSOCIATION, JOHN CALVIN,
JOHN FINKELMANN, STEVE
GUERRA, CANDACE CRAWFORD,
CORDELL WILLIAMS, and DANIEL
LEE,

        Defendants.
_____/

Case No. 2:18-CV-11934
District Judge Marianne O. Battani
Magistrate Judge Anthony P. Patti

**<ins>REPORT AND RECOMMENDATION THAT THE COURT DISMISS THIS MATTER FOR PLAINTIFFS' FAILURE TO PROSECUTE AND DISMISS DEFENDANTS' MOTIONS TO DISMISS (DEs 41 & 46) AS MOOT, AND ORDER DENYING PLAINTIFFS' MOTIONS (DEs 14, 33 & 64) AND CONTINUING STAY OF CASE PENDING FINAL DECISION ON THIS REPORT AND RECOMMENDATION</ins>**

**I.    RECOMMENDATION:** The Court should dismiss this matter with prejudice in accordance with Fed. R. Civ. P. 41(b) for Plaintiffs' failure to prosecute and, in so doing, deem moot Defendants' motions to dismiss (DEs 41, 46).

## II. REPORT:

### A. Background

Plaintiffs Melvin Jones, Jr. and Colleen Conners are the former owners of a condominium at the Parc Lafayette Condominium complex in Detroit. During the time they owned the condominium, and continuing thereafter, Plaintiffs asserted a series of complaints with the Department of Housing and Urban Development (HUD), alleging a variety of concerns, including claims of discrimination and retaliation under the Fair Housing Act (FHA). On June 19, 2018, Plaintiffs filed the instant lawsuit against their condominium association, its attorneys, the President of the Association's Board of Directors, employees of the Association's professional management company, and the Michigan Department of Civil Rights (MDCR). (DE 1.) Although Plaintiffs' complaint, consisting of four pages of narrative and 83 pages of exhibits with hand-written notes on some pages, is less than clear, it appears that they are trying to allege claims of violation of the Fair Housing Act, civil conspiracy, and breach of conciliation agreements under the FHA. (*Id.*) On August 22, 2018, this matter was referred to me for all pretrial proceedings. (DE 55.)[1]

### B. The Court's Orders

---

[1] Notably, the number of docket entries has doubled since that date, a mere three weeks ago, as described *infra*.

On August 27, 2018, the Court issued a Notice to Appear for a scheduling/status conference in my courtroom on September 11, 2018, at 10:00 a.m. (DE 65.) The Court also entered two Orders that day: (1) an Order staying the case pending the September 11, 2018 scheduling and status conference (DE 67); and (2) an Order denying Plaintiff Jones's emergency motion to change venue to Flint and request for telephonic hearing appearance, because this case was assigned in accordance with the local rules of this Court, and because Plaintiffs initiated this action and selected the federal court and "should have expected to appear in Court at various times during this litigation, including hearings, pretrial and settlement conferences, and, ultimately, for trial." (DE 66.) The Court noted that, as of that date, Plaintiffs had filed over 35 documents, with the majority labeled as an "errata," "supplement" or "objection," but also including several "requests for judicial notice," and that, in "[b]alancing the 'competing interests' of the parties, and the interest of the Court in controlling its docket," a stay was warranted. (DE 67.) The Court ordered that **"[n]o further filings will be accepted in this case until the scheduling/status conference occurs[,]"** and **"reminded [the parties] that all named plaintiffs are required to appear in person, in Detroit, at the September 11th scheduling and status conference, as neither of them have counsel."** (DE 67 (emphases in original).) The Court further "strongly encouraged [Plaintiffs] to seek assistance from the Federal *Pro Se*

3

Legal Assistance Clinic which has been established through the University of Detroit-Mercy Law School," and provided contact information for the clinic. (*Id.*)

Over the following nine days, Plaintiffs filed over 25 additional documents, mostly labeled as "appeals" or "interlocutory appeals" of or objections to the Court's Orders, or "certificates of service," but also including a document labeled an "amended complaint" as well as numerous documents titled "errata," which were filed in direct violation of the Order staying this case pending the September 11th scheduling and status conference. (DEs 68-95.)

Accordingly, on September 5, 2018, the Court entered two additional Orders: (1) an Order requiring Plaintiffs to appear at the September 11, 2018 scheduling and status conference (DE 96); and (2) an Order directing the clerk to strike certain filings by Plaintiffs (DEs 83-86, 89-90, 92-95) as filed in direct violation of the Court's stay order, and warning that **"continued violation of this Order may result in additional sanctions or a finding of contempt."** (DE 97 (emphasis in original).) The Court expressly instructed that "[n]otwithstanding Plaintiffs' appeals or objections, absent a stay of the Court's prior orders, Plaintiffs are not excused from attending the September 11, 2018 scheduling/status conference and appearing **IN PERSON** in my courtroom, as noticed." (DE 96 (emphases in original).) The Court further expressly warned Plaintiffs that **"[f]ailure to appear in person, as ordered, may result in sanctions, including**

4

**dismissal of the case."** (*Id.* (emphasis in original)) And once again, the Court "strongly encouraged [Plaintiffs] to seek assistance from the Federal *Pro Se* Legal Assistance Clinic[.]" (*Id.*)

Plaintiffs immediately filed objections to both of the Court's September 5th Orders, as well as three "Notices of Interlocutory Appeal" regarding those Orders. (DEs 98-102.) In Plaintiffs' objections (which were signed only by Jones but purported to be asserted on behalf of both Plaintiffs), they stated that Plaintiffs **"<u>WILL NOT</u> BE PRESENT IN PERSON AT ANY OF THE HEARINGS AT THE DETROIT HEARING ROOM AT DETROIT FEDERAL COURT BUILDING *[with exception to Trial on the merits in the instant case, and not waiving any right to renew my motion for change of Trial Location to the Flint Federal Court House]*."** (DEs 87 at 3, 88 at 4 (emphases in original).)

On September 6, 2018, Judge Battani entered an order denying all of Plaintiffs' objections to my Orders (DEs 87, 88, 98 99), finding that the Undersigned was "well within his authority under the Federal Rules of Civil Procedure to order parties to appear in person[,]" and agreeing with the stay entered in this matter. (DE 103.) Judge Battani noted that "both Jones and Conners have indicated that they will not be present in person at any hearing in Detroit," (citing DEs 87 at 3, 88 at 4), but that "[n]evertheless, they have been

5

ordered to appear and warned of the consequences of their failure to do so." (DE 103.)

### C. Plaintiffs Failed to Appear at the September 11, 2018 Scheduling and Status Conference

On September 11, 2018, Ron Robinson, Kay R. Butler, and Jonathan Koch, attorneys for the defendants, appeared in my courtroom and, after waiting for 35 minutes for Plaintiffs to appear, the Court held the status conference. The Court confirmed that neither Plaintiff was in the courtroom, and that neither Plaintiff had contacted my deputy clerk to indicate that they were running late or otherwise intended to appear. Accordingly, the Court stated that it would be entering a report and recommendation to dismiss this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

### D. Discussion

#### 1. Rule 41(b) Dismissal

Federal Rule of Civil Procedure 41(b) and Local Rule 41.2 authorize involuntary dismissal for failure to prosecute or to comply with Federal Rules of Civil Procedure or court orders. Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2.[2] "This

---

[2] As the rule governing dismissal of actions provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party

6

measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Cnty. Gen Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (affirming district court's *sua sponte* dismissal pursuant to Rule 41(b)). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link*, 370

---

under Rule 19--operates as an adjudication on the merits." Fed. R. Civ. P. 41(b) ("Involuntary Dismissal; Effect."). Similarly, Local Rule 41.2 provides, in relevant part, that when parties "have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause it shown." E.D. Mich. LR 41.2.

7

U.S. at 629-32); *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir 1980) ("It is clear that the district court does have power under [Fed. R. Civ. P. 41(b)] to enter a *sua sponte* order of dismissal.").

The United States Court of Appeals for the Sixth Circuit directs district courts to consider the following factors in deciding whether to dismiss under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (internal citations omitted). Although none of the factors is "'outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### 2. The Court Should Dismiss Plaintiffs' Lawsuit Because Plaintiffs Have Failed to Comply with the Court's Orders, and in doing so, Dismiss Defendants' Motions to Dismiss (DEs 41, 46) as Moot

Consideration of these factors weighs in favor of dismissal in this case.

#### a. Willfulness, bad faith or fault

"To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct 'must

8

display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). As explained above, Plaintiffs were ordered three times to appear in person for the September 11, 2018 scheduling and status conference, and they were duly warned that their failure to appear in person, as ordered, may result in sanctions, including dismissal of this case:

> (1) On August 27, 2018, the Court issued a Notice of the September 11, 2018 scheduling/status conference in my courtroom in Detroit, and expressly "reminded" the parties that Plaintiffs are required to appear in person, in Detroit, at the scheduling and status conference, as neither of them have counsel (DEs 65, 67);
>
> (2) On September 5, 2018, the Court again ordered Plaintiffs to appear in person for the September 11th scheduling/status conference, notwithstanding their various appeals or objections, and expressly warned that **"[f]ailure to appear in person, as ordered, may result in sanctions, including dismissal of the case"** (DE 96 (emphasis in original); and
>
> (3) On September 6, 2018, Judge Battani denied Plaintiff's objections to my orders, and noted that although Plaintiffs have indicated that they will not be present in person at any hearing in Detroit, that they have been ordered to appear and warned of the consequences of their failure to do so. (DE 103.)

Despite the Court's explicit orders, Plaintiffs did not appear at the September 11th scheduling/status conference. The Court has every reason to believe that Plaintiff's "failure is due to willfulness, bad faith, or fault," as Plaintiffs have expressly stated that they **"WILL NOT BE PRESENT IN**

9

**PERSON AT ANY OF THE HEARINGS AT THE DETROIT HEARING ROOM AT DETROIT FEDERAL COURT BUILDING** *[with exception to Trial on the merits in the instant case, and not waiving any right to renew my motion for change of Trial Location to the Flint Federal Court House].*" (See DEs 87 at 3, 88 at 4 (emphases in originals).) Plaintiffs simply do not get to pick and choose which orders they will and will not obey, and which hearings they will or will not attend. Accordingly, Plaintiffs' conduct here plainly evidences "an intent to thwart judicial proceedings" and the requisite "reckless disregard," *Schafer*, 529 F.3d at 737, as well as "a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363.

### b. Prejudice

Defendants have also been prejudiced by Plaintiffs' conduct in this case. As Judge Battani aptly noted in her September 6, 2018 Order denying Plaintiffs' objections, "Plaintiffs filed their lawsuit in June 2018, and have been frequent filers since that time." (DE 103, citing DEs 5-9, 12-17, 29, 31-33, 36-40, 49-54, 58-64).) Most of those filings have consisted of various documents titled "errata," "addendum," "supplement," or notices or requests for judicial notice of various documents, as well as purported amended complaints, and the majority of the documents filed have only been signed by one Plaintiff, although purportedly filed on behalf of both. Neither appears to be a licensed attorney, authorized by law to

represent the interests of others in court proceedings. The Court determined "from the excessive activities and filings in this case that it is necessary to address the parties in person" at the September 11th scheduling/status conference to address the voluminous documents filed and the numerous deficiencies in these documents, yet Plaintiffs refused to appear. Defendants, however, who did appear at the time noticed for the status conference, and who waited over 30 minutes for Plaintiffs to appear, are prejudiced by Plaintiffs' refusal to obey the Court's Orders, as well as their failure to adhere to the Federal Rules of Civil Procedure and the Local Rules in this case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (recognizing that because defendants are entitled "to a fair and timely resolution of the litigation … *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily comprehended court deadlines.").

**c.    Warning**

As explained above, Plaintiffs were twice expressly warned "that failure to appear in person, as ordered, may result in sanctions, including dismissal of the case." (See DEs 96 at 2, 103 at 3.) Thus, Plaintiffs were "warned that failure to cooperate could lead to dismissal[.]" *Schafer*, 529 F.3d at 737.

**d.    Less drastic sanctions**

Finally, while it is true that "less drastic sanctions" were not "imposed or considered before dismissal was ordered[,]" *Schafer*, 529 F.3d at 737, this case

11

simply cannot proceed when Plaintiffs openly refuse to follow the Court's orders. Plaintiffs have stated that they **"WILL NOT BE PRESENT IN PERSON AT ANY OF THE HEARINGS AT THE DETROIT HEARING ROOM AT DETROIT FEDERAL COURT BUILDING** *[with exception to Trial on the merits in the instant case, and not waiving any right to renew my motion for change of Trial Location to the Flint Federal Court House].***"** (See DEs 87 at 3, 88 at 4 (emphases in originals).) Consistent with that statement, Plaintiffs did not appear at the September 11th scheduling/status conference, although they were thrice ordered to appear. As stated above, Plaintiffs simply do not get to pick and choose which orders they will or will not obey, or which hearing they will or will not attend. Similarly, Plaintiffs' repeated violations of the stay order demonstrate an unwillingness to abide by this Court's directives. The Court has no reason to believe that ordering Plaintiffs, a fourth time, to appear in person in my courtroom would yield a different result.

    **3.    Conclusion**

Accordingly, for the reasons set forth above, Plaintiffs' lawsuit should be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). And, in dismissing this case, Defendants' motions to dismiss (DEs 41, 46) should be deemed moot.

**III.    PROCEDURE ON OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

## IV. PLAINTIFFS' MOTIONS (DES 14, 33, 64) ARE DENIED

Plaintiff Jones has filed three documents labeled as "motions": (1) Plaintiff's "motion in limine" and "request for judicial notice" as to Plaintiff Jones' excessive day-time sleepiness (DE 14); Plaintiff's "motion for joinder of claims" and "request for judicial notice" (DE 33); and (3) Plaintiff's "request for an order" or an "errata" or "correction" to DEs 1 and 44 (DE 64.) These documents are, at best, less than clear, and simply seem to seek to file medical documents or correspondence in the Court record (DE 14), or to improperly attempt to amend the complaint to add additional claims without leave, while including multiple pages of exhibits, with hand-written notes on various pages. (DEs 33, 64.) However, none of these "motions" comply with Fed. R. Civ. P. 7 and E.D. Mich. LR 7.1 and/or 15.1, and therefore should be denied. Nor do they demonstrate any entitlement to relief on the merits.

While the Court holds *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The various medical records and email communications Plaintiff attaches to his "motions" are not "adjudicative fact[s]" that are either "generally known in the trial court's territorial jurisdiction" or that "can be

accurately and readily determined from sources whose accuracy cannot reasonably be questioned," and thus are not proper for judicial notice. Fed. R. Evid. 201. Judges "have no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Rather, *pro se* litigants are required to follow the Federal Rules of Civil Procedure, the Eastern District of Michigan Local Rules, and my Practice Guidelines, including those rules and guidelines governing proper filing of motions and amending pleadings. Because Plaintiff's "motions" (DEs 14, 33, 64) do not comply with the Federal Rules of Civil Procedure and the Court's Local Rules, and do not otherwise demonstrate merit, they are **DENIED**.

## V. The Stay is Continued Pending Final Decision on this Report and Recommendation

Finally, in recognition of the Court's "broad discretion … as an incident to its power to control its own docket," the stay in this matter remains in effect pending Judge Battani's' final ruling on this Report and Recommendation (with the exception of the filing of proper objections, appeals and motions for reconsideration). *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). Balancing the "competing interests" of the parties, and the interest of the Court in controlling its docket, the Court concludes that the best use of judicial resources is to continue to stay this action pending the final decision on this Report and Recommendation.

**IT IS SO ORDERED.**

Dated: September 14, 2018    s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on September 14, 2018, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti