**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MELVIN JONES, JR. and COLLEEN
CONNERS,

       Plaintiffs,                        Case No. 18-11934

                                         Hon. Marianne O. Battani

v.

MICHIGAN DEPARTMENT OF
CIVIL RIGHTS, et al.,

       Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING PLAINTIFFS' COMPLAINT

      Plaintiffs Melvin Jones, Jr. and Colleen Conners filed their complaint advancing claims under the Fair Housing Act arising out of their ownership of a condominium. They named as defendants, the condominium association, its attorneys, the President of the Association's Board of Directors, employees of the association's professional management company, and the Michigan Department of Civil Rights. On August 16, 2018, after entry of an Order of Disqualification, and the matter was reassigned to this Judge. (ECF No. 45).

      The Court referred the matter to Magistrate Judge Anthony P. Patti "for all pretrial proceedings, including a hearing and determination of all nondispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ["R&R"] on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (See ECF No. 55). On September 14, 2018, Magistrate Judge Patti filed a Report and Recommendation that,

among other things, recommended that the Court dismiss this matter with prejudice for failure to prosecute. The recommendation was rooted in the Plaintiffs' failure to attend a court-mandated status conference despite multiple warnings that their failure to attend would result in dismissal of their claims. For the reasons that follow, the Court **ADOPTS** the Report and Recommendation, **DENIES** the Objections, and **DISMISSES** Plaintiffs' Complaint.

## I. BACKGROUND

The Magistrate Judge throughly detailed the events giving rise to his recommendation that Plaintiffs' action be dismissed, and the Court incorporates the Background Section from the Report and Recommendation with one alteration. Plaintiffs object to the statement in the Background Section which characterized Plaintiffs Melvin Jones, Jr. and Colleen Conners as "the former owners of a condominium at the Parc Lafayette Condominium complex in Detroit." (ECF No. 112 at 2). According to Plaintiffs, the redemption period on their property had not expired at the time the R&R issued. The distinction is immaterial to the resolution of Plaintiffs' Objections. An abbreviated recitation of the facts material to the resolution follows.

On August 27, 2018, Plaintiffs were notified to appear before Magistrate Judge Patti at the Theodore Levin U.S. Courthouse on September 11, 2018, for a status conference. (ECF No. 65). To combat Plaintiffs' excessive filings, Magistrate Judge Patti also issued an Order staying the case pending the status conference. (ECF No. 67). In addition, the Magistrate Judge denied Jones' emergency motion for a change of venue and request for telephonic hearing, which Jones sought based on his physical

limitations and his proximity to the federal courthouse in Flint, Michigan.  In addition, Jones asserted that Connors' burden would be lessened by the change of venue.

In his decision denying the request, Magistrate Judge Patti reasoned that Plaintiffs initiated the action and thus selected the federal forum, and that the case has been assigned in accordance with the local rules.  He observed that Plaintiffs "should have expected to appear in Court at various times during this litigation, including hearings, pretrial and settlement conferences, and, ultimately, for trial." (ECF No. 66 at 3).  The Magistrate Judge also indicated his preference for these proceedings to take place in person, observing that "more meaningful discussion in conferences and at oral argument [occur] when the parties and counsel appear in person."  (Id.)

Plaintiffs filed numerous objections and appeals prompting the Magistrate Judge to formalize the scheduling notice with an order.  Specifically, on September 5, 2018, Magistrate Judge Patti entered an Order Requiring Plaintiffs Melvin Jones, Jr. and Colleen Conners to Appear at the September 11, 2018 Scheduling and Status Conference (ECF No. 96).  In that Order, the Magistrate Judge held,

> Notwithstanding Plaintiffs' appeals or objections, absent a stay of the Court's prior orders, Plaintiffs are not excused from attending the September 11, 2018 scheduling/status conference and appearing **IN PERSON**. . . .

 (Id.)  Moreover, the Magistrate Judge warned Plaintiffs in the Order that their failure to appear in person may result in sanctions, including dismissal of the case.  (Id.)

Plaintiffs objected to that Order, and informed the Magistrate Judge that they would not be present at the hearings in Detroit.  This Court promptly resolved that objection and entered an Order confirming that Plaintiffs' attendance was required and

3

again warning Plaintiffs of the consequences of their failure to appear (ECF No. 103).

Despite the repeated warnings, Plaintiffs failed to appear at the scheduling and status conference. Thereafter, the Magistrate Judge entered a R&R recommending that the Court dismiss the case for failure to prosecute. (ECF No. 112). In his September 14, 2018, R&R, Magistrate Judge Patti recommended, among other things, that the Court dismiss this matter with prejudice for failure to prosecute.

## II. STANDARD OF REVIEW

Objections to a report and recommendation are reviewed de novo. 28 U.S.C. § 636(b)(1). A court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir.1995). Objections that merely challenge the correctness of the magistrate's recommendation but fail to specify what findings were erroneous are insufficient. Id.

In addition, parties may not add new claims in an objection to a report and recommendation or raise new arguments. Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000). To the extent that an objection "merely restate[s] the arguments asserted" previously and "addressed by the magistrate judge's report and recommendation", they may be deemed as waived. VanDiver v. Martin, 304 F. Supp.

4

2d 934, 937 (E.D. Mich. 2004). An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Id. The Sixth Circuit has explained:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); see also Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

## III. ANALYSIS

A court cannot appropriately manage a case when the plaintiffs are unwilling to comply with court orders, including orders requiring personal appearances. When a plaintiff fails to prosecute his or her claim or when a plaintiff fails to comply with a court's order, a court is not left without recourse. Specifically, a court possesses the authority under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss an action when a plaintiff indulges in such conduct. Knoll v. AT & T, 176 F.3d 359, 362–63 (6th Cir.1999) (observing that "[t]his measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties") (brackets and internal quotation marks omitted).

Although a court has "substantial discretion" in the exercise of this tool, it must be mindful that "[t]he dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005) (internal quotation marks omitted). Four factors are relevant to the assessment of whether an action should be dismissed for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Knoll, 176 F.3d at 363. No one factor is dispositive. Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 736–37 (6th Cir. 2008).

The Court agrees with the Magistrate Judge that under the first factor, Plaintiffs' actions were motivated by willfulness, bad faith, or fault. Plaintiffs displayed a reckless disregard for the Court's order to appear in person.

Likewise, the Court finds the second factor has been met. Defendants have been prejudiced by the Plaintiffs' conduct inasmuch as Defendants expended time, effort, and money to attend the status conference. Plaintiffs' failure to appear rendered Defendants' compliance wasteful.

Without question, the third factor has been met: Plaintiffs were warned on more than one occasion that their case could be dismissed for failure to prosecute if they failed to appear at the status conference. Lastly, the Court finds a lesser sanction would be inadequate because Plaintiff's contumacious conduct underscored their intention not to comply with the Court's order–it was their way or the highway.

At the outset, the Court notes that Plaintiffs' Objections, which number in excess of 100, filed as twenty-five separate documents in excess of 150 pages, merely repeat the same arguments raised below, raise new claims, or are so vague as to be "tantamount to a complete failure to object. Cole, 7 F. App'x at 356. Plaintiffs do not challenge the underlying facts or the legal analysis but raise challenges to the Magistrate Judge's authority to render a recommendation, the Magistrate Judge's ability to render an unbiased recommendation, and repackage physical, financial, and geographical limitations, as constitutional grounds for refusing to attend the conference.

### A. Authority

This Court already held that the Magistrate Judge was well within his authority under the Federal Rules of Civil Procedure to order the parties to appear in person and ordered Plaintiffs to appear. Plaintiffs now argue that their lack of consent to the Order of Reference negates the Magistrate Judge's authority. Plaintiffs are wrong. Although consent is required for a magistrate judge "to sit in lieu of a district judge," Fed. R. Civ. P. 73(a) advisory committee notes to 1983 addition, Rule 72 governs the procedure in this case, where the referral was court-ordered. Rule 72 does not require the consent of the parties.

In addition, Plaintiffs contend that the Magistrate Judge lacked jurisdiction to render a recommendation because prior orders were pending on appeal. Again, Plaintiffs are wrong. The Magistrate Judge was well within his authority to issue a Report and Recommendation even though appeals of several orders were pending in the Court of Appeals. The orders appealed by Plaintiffs were neither final nor appealable. Notably, the appellate court held that it lacked jurisdiction over the appeals

7

inasmuch as no final or appealable order terminating all of the issues presented in the litigation has been entered by the district court. (See ECF Nos. 186-190).

**B. Bias**

Next, Plaintiffs assert that the Magistrate Judge was biased against them because they are not Italian or Catholic. To support their contention of bias, Plaintiffs raise the Magistrate Judge's association with the National Italian Bar Association, the Italian Bar Association of Michigan and the Catholic Lawyers Guild. Plaintiffs never brought their concerns to the attention of the Magistrate Judge.

Under binding authority, recusal is justified where a "reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." Hughes v. United States, 899 F.2d 1495, 1501 (6th Cir. 1990); See 28 U.S.C. §§ 144 and 455. The standard is objective; a plaintiff's subjective view does not govern the outcome of the objection. Id. Moreover, under the law, a judge is presumed to be impartial, and the party advancing a claim of bias bears the burden of proof. Scott v. Metropolitan Health Crop., 234 F. App'x 342, 352 (6th Cir. 2007).

To the extent that Plaintiffs seek recusal of the Magistrate Judge, they have forfeited the argument because it was not developed. Hayward v. Cleveland Clinic Found., 759 F.3d 601, 618 n.9 (6th Cir. 2014) (citation omitted). Even if they had raised it, the record contains no evidence of bias or prejudice, Courts routinely reject a contention that a judge's religious affiliation, standing alone, provides a ground for recusal. See, e.g., In re McCarthey, 368 F.3d 1266, 1270 (10th Cir. 2004); United States v. Odeh, No. 13–20772, 2014 WL 3767808, at *2–*6 (E.D.Mich. July 31, 2014). The same is true for challenges based on race or ethnicity. MacDraw, Inc. v. CIT Group

Equipment Financing, Inc., 138 F.3d 33, 37 (2d Cir.1998) (citing cases). Accordingly, this Court rejects Plaintiffs' assertion that the Magistrate Judge's ruling was based on bias.

**C. Constitutional Challenge**

Lastly, Plaintiffs challenge the Magistrate Judge's failure to accommodate them by allowing them the opportunity to appear by phone as a violation of their constitutional rights. Jones does not have a driver's license and has medical disability that prevents him from driving a car. Although the Court is sympathetic to Plaintiffs' financial circumstances, in forma pauperis status does not entitle litigants to make telephonic appearances in an action that the litigants themselves have elected to prosecute. Plaintiffs informed the Magistrate Judge that they would appear at the federal courthouse in Detroit only for trial (ECF No. 87).

Plaintiffs mere invocation that their constitutional rights have been violated is not a proper objection. Clemente v. Vaslo, 679 F.3d 482, 497 (6th Cir. 2012). Plaintiffs have not cited any authority that the denial of telephonic appearances constitutes a violation of the litigant's civil rights, and it is well recognized that courts have broad discretion to determine whether to order litigants to appear in person. See, e.g., Lacey v. Wells Fargo, N.A., No. 14-cv-02091, 2014 WL 7338878 (W. D. Tenn. Dec. 22, 2014) (dismissing case under Rule 41(b) for failure to appear in person despite the court's order to do so); Winters v. Jordan, No. 2:09-CV-0522-JAM-KJN, 2013 WL 5780819, at *8 (E.D. Cal. Oct. 25, 2013) (noting that "the mere fact that plaintiffs are proceeding in forma pauperis does not entitle them to make telephonic appearances" and recommending dismissal for repeated failure to comply with court orders).

The Court is required to engage in a de novo review of specific objections, but a general objection, raising conclusory grounds is not entitled to review. See VanDiver, 304 F. Supp. 2d at 937.

## IV. CONCLUSION

In sum, the Court endeavors to give pro se litigants and litigants proceeding in forma pauperis a fair opportunity to present their case. A fair opportunity does not extend to matters where the litigants disregard the Court's orders, disregard the limited resources of the Court, and engage in conduct that disregards considerations of fairness to opposing parties that have been compliant with the Court's orders and the procedural rules.

Because the Court has determined that the Objections lack merit, they are **DENIED**. The Court **ADOPTS** the Report and Recommendation and **DISMISSES** Plaintiffs' Complaint.

**IT IS SO ORDERED.**

Date: March 8, 2019
s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 8, 2019.

s/ Kay Doaks
Case Manager