UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MELVIN JONES, JR. & COLLEEN CONNORS,

    Plaintiffs,                             Case No: 2:18-cv-11934-RHC-APP
                                                Hon. Marianne O. Battani
                                                Magistrate Judge Anthony P. Patti

vs.

MICHIGAN DEPARTMENT OF CIVIL RIGHTS,
REYNARD MOREY-GREER, PARC LAFAYETTE
ASSOCIATION, JOHN CALVIN, JOHN FINKELMANN,
STEPHEN GUERRA, CANDACE CRAWFORD,
CORDELL WILLIAMS, and DANIEL LEE

    Defendants.
_____/

## The Attorney Defendants' Response to Jones' Sanctions Motion
_____

| | |
|---|---|
| MELVIN JONES, JR. IN PRO PER<br>1935 Hosler Street<br>Flint, MI 48503<br>(810) 962-6225<br>meljonesjr@gmail.com | THERESA M. ASOKLIS (P42709)<br>Collins Einhorn Farrell PC<br>Attorney for Defendants John Calvin,<br>John Finkelmann, and Stephen Guerra<br>4000 Town Center, 9th Floor<br>Southfield, MI  48075<br>(248) 355-4141<br>Theresa.asoklis@ceflawyers.com |
| COLLEEN CONNORS IN PRO PER<br>829 Campbell St.<br>Flint, MI 48507<br>Cmcolleen4@gmail.com | RON D. ROBINSON (P35927)<br>Assistant Attorney General<br>Attorneys for State of Michigan Civil<br>Rights Division<br>3030 W. Grand Boulevard<br>Cadillac Place, Suite 10-200<br>(313) 456-0200<br>RobinsonR11@michigan.gov |

*(caption continued on next page)*

KAY RIVEST BUTLER (P41651)
ZACHARY S. JUGAN (P80944)
Star, Butler, Alexopoulos & Stoner, PLLC
Attorneys for Parc Lafayette, Daniel Lee,
Cordell Williams and Candace Crawford
20700 Civil Center Dr, Ste 290
Southfield, MI 48076
(248) 554-2700
kbutler@starrbutler.com
zjugan@starrbutler.com

## Concise Statement of the Issues Presented

### I.

Jones asks this Court to sanction defense counsel for making alleged "material misrepresentations." But he fails to provide any facts, law, or meaningful argument to support his position. He also fails to establish that the Attorney Defendants made any misrepresentations whatsoever, let alone ones that are material. For multiple reasons, therefore, Jones isn't entitled to sanctions.

## Controlling or Most Appropriate Authority

*Indah v. U.S. S.E.C.*, 661 F.3d 914 (6th Cir., 2011)

*InterRoyal Corp. v. Sponseller*, 889 F.2d 108 (6th Cir. 1989)

*McPherson v. Kelsey*, 125 F.3d 989 (6th Cir. 1997)

*United States v. Williams*, 544 F.3d 683 (6th Cir. 2008)

**The Attorney Defendants' Response to Jones' Motion for Sanctions (RE 229)**

In response to plaintiffs Melvin Jones, Jr.'s Motion for Sanctions (RE 229, Motion, Pg. ID 1752-1754), defendants John Calvin, John Finkelmann, and Stephen Guerra (collectively, the "Attorney Defendants") state:

Jones asks this Court for sanctions against defendants' counsel based on his claims that they made "material misrepresentations" regarding whether "the defendants did in fact enter Jones' and Connors' previous residence (condo) at Parc Lafayette Association." (RE 229, Motion, Pg. ID 1753). He also asserts that "defense counsel and defendants have outright lied to the Courts…by unlawfully lying by falsely asserting they {the defendants} "never had access to Jones' and Connors' previous residence (condo) at Parc Lafayette Association." *Id.* But Jones' arguments lack merit for several reasons.

First, Jones provides no legal authority or evidence to support his request for sanctions. As a result, it's entirely unclear what legal basis Jones is relying on to claim that he's entitled to sanctions. It's well-established that "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) (citation omitted). And this Court isn't required to discover the factual or legal basis for Jones' arguments by scouring the various submissions to piece together appropriate arguments or to "wade through and search the entire record"

1

for some specific facts that might support his motion. *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989); *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995). Given his failure to support his claim for sanctions with either facts, law, or meaningful arguments, Jones has effectively waived the issue. *McPherson*, 125 F.3d at 995-996 ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); *United States v. Williams*, 544 F.3d 683, 690 (6th Cir.2008) (holding that arguments are waived when a party "fail[s] to develop or support his argument with any legal authority").

Second, even if he hasn't waived the sanctions issue (he has), Jones fails to establish that the Attorney Defendants made any misrepresentations. While he claims that they lied about whether any of the defendants had access to their condo at Parc Lafayette, Jones never identifies what the specific alleged misrepresentations were or where it was allegedly made. See Fed. R. Civ. P. 11(c)(2) (stating that a sanctions motion "must describe the specific conduct that allegedly violates Rule 11(b)"); *Indah v. U.S. S.E.C.*, 661 F.3d 914, 926 (6th Cir., 2011) ("The identification of the specific conduct that is allegedly sanctionable is critical to a finding of a Rule 11 violation.").

Furthermore, Jones' assertion that the Attorney Defendants somehow represented that none of the defendants had access to his and Connors' apartment

2

simply isn't true. In their Rule 12(b)(6) motion to dismiss—which was denied as moot after plaintiffs' case was dismissed—the Attorney defendants never represented that the defendants "never had access to Jones' and Connors' previous residence (condo)." (RE 229, Motion, Pg. ID. 1753; *see generally* RE 41, Rule 12(b)(6) Motion, Pg. ID. 344-375). On the contrary, the Attorney Defendants asserted that although Jones initially refused to allow management employees access to his condo, the Association later obtained access to the condo. (RE 41, Motion, Pg. ID. at 356). Furthermore, the Attorney Defendants' motion noted that plaintiffs' alleged that certain others of the defendants had access to their condo. (*Id.* at Pg. ID. 356-358).

Third, even if it's assumed that the Attorney Defendants misrepresented defendants' access to Jones' condo (they absolutely didn't), that misrepresentation isn't material. This Court adopted Magistrate Judge Patti's report and recommendation to dismiss Jones' case after he willfully refused to appear at the September 11, 2018 status conference despite being warned of the consequences of doing so. (RE 198, Order Adopting Report and Recommendation, Pg. ID. 1625-1626). Jones' challenges to that ruling—including his assertions that this Court and the Magistrate Judge discriminated against him and violated his constitutional rights—are the only issues remaining in this case. The underlying merits of plaintiffs' case—including any dispute about the defendants' access to

their previous residence—have nothing to do with those issues. So any representation about the defendants' access to plaintiffs' previous residence by the Attorney Defendants simply isn't material.

## Conclusion

In his motion, Jones provides no meaningful arguments, legal authority, or evidence to support his request for sanctions. And he fails to specifically identify any alleged misrepresentations by the Attorney Defendants, let alone establish that that they occurred or that they were made in bad faith. It follows that Jones utterly fails to establish any basis for this Court to award him sanctions. So his motion must be denied.

COLLINS EINHORN FARRELL PC

BY:   /s/ Theresa M. Asoklis
THERESA M ASOKLIS (P42709)
JONATHAN B. KOCH (P80408)
Attorneys for Defendants John Calvin,
John Finkelmann, and Stephen Guerra
4000 Town Center, 9th Floor
Southfield, MI  48075
(248) 351-5411
Theresa.asoklis@ceflawyers.com

Dated: June 7, 2019.

---

**CERTIFICATE OF SERVICE**

I certify that on June 7, 2019 the foregoing document was served on all parties or their counsel of record through CM/ECF if they are registered users or, if they are not, by placing a true and correct copy in the U.S. Mail postage prepaid, to their address of record.

/s/ Theresa M. Asoklis

---

4